UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY JO SPENCER,

    Plaintiff,

v.                            Case No. 8:21-cv-946-WFJ-TGW

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

    Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff has not identified any reversible error, I recommend that the decision be affirmed.

I.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] This matter comes before the undersigned pursuant to the Standing Order of the Court dated January 5, 1998.

The plaintiff, who was sixty-three years old at the time of the administrative hearing and who is a high school graduate, has worked as a travel clerk and hotel clerk (Tr. 25, 35, 39, 183). She filed a claim for Social Security disability benefits in February 2019, initially alleging that she became disabled on January 4, 2018, due to "mini stroke-transient ischemic attack, diabetes mellitus type 2, neuropathy legs, arms, cataracts B eyes, lower back problems" (Tr. 223). The plaintiff later amended her onset date of disability to January 4, 2019 (Tr. 15). Her claim was denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "status post cerebrovascular accident; degenerative disc disease of the lumbar spine; scoliosis; obesity; diabetes mellitus; ischemic optic neuropathy with loss of visual field; cataracts; macular degeneration; asthma; hypertension; hypercholesterolemia; positional vertigo; and migraine headaches" (Tr. 18). The law judge determined that, with those impairments, the plaintiff had the following residual functional capacity (Tr. 19):

> She has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps

and stairs. She can never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant can perform work involving occasional field of vision, frequent far acuity and frequent near acuity. The claimant can have no exposure to unprotected heights or moving mechanical parts. She can never operate a motor vehicle as part of the work duties. She can have occasional exposure to dust, odors, fumes, pulmonary irritants and vibration.

The law judge concluded, based on the testimony of a vocational expert, that the plaintiff was able to perform her past relevant work as a hotel clerk (Tr. 25). The law judge therefore decided that the plaintiff was not disabled (Tr. 26). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. 423(d)(1)(A). A physical or mental impairment, under the terms of the Act, is one that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42

U.S.C. 423(d)(3). The Act further provides that a claimant is not disabled if she is capable of performing previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Under the substantial evidence test, findings of fact made by administrative agencies . . . may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts two arguments: the (1) "RFC is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion of Yolene Dorga, APRN"; and the (2) "RFC determination is not supported by substantial evidence because the ALJ failed to properly evaluate [the plaintiff's] need for a cane to ambulate when formulating the RFC" (Doc. 28, pp. 9, 18). Neither of the plaintiff's contentions is meritorious. Moreover, in light of the Scheduling Order and Memorandum Requirements, any other challenges to the law judge's decision are forfeited (Doc. 23, p. 2).

A.  The plaintiff's first contention is that the law judge failed to properly evaluate the opinion of Nurse Practitioner Yolene Dorga and, thus, the RFC is not supported by substantial evidence (id., p. 9). As acknowledged by the plaintiff, this claim was filed on or after March 27, 2017, and thus, the new regulations

governing the assessment of medical opinion evidence apply. Those regulations change established principles in the Eleventh Circuit concerning the evaluation of medical opinions.

> Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision. As the Administrative Conference of the United States' (ACUS) Final Report explains, these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.

Revision to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5853, 2017 WL 168819 (Jan. 18, 2017).

> Accordingly, the regulations now state (20 C.F.R. 404.1520c(a)):
>
> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.

Rather, medical opinions and prior administrative medical findings are to be considered for their persuasiveness based upon the following factors:

  (1) Supportability
  (2) Consistency
  (3) Relationship with the claimant [including]
    (i) Length of the treatment relationship
    (ii) Frequency of examinations
    (iii) Purpose of the treatment relationship
    (iv) Extent of the treatment relationship
    (v) Examining relationship
  (4) Specialization

(5) Other factors

20 C.F.R. 404.1520c(c)(1) – (5).

Supportability and consistency are the two most important factors. 20 C.F.R. 404.1520c(a); 20 C.F.R. 404.1520c(b)(2). Indeed, law judges are not even required to explain how they considered factors 3 through 5, 20 C.F.R. 404.1520c(b)(2), unless the record contains differing, but equally persuasive, medical opinions or prior administrative medical findings about the same issue. 20 C.F.R. 404.1520c(b)(3).

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. 404.1520c(c)(1).

"Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. 404.1520c(c)(2).

The new regulations also provide that where the record contains multiple medical opinions or prior administrative medical findings from a single

medical source, the law judges are not required to articulate how they considered each medical opinion or prior administrative medical finding, but it is sufficient if there is a single analysis of the factors. 20 C.F.R. 404.1520c(b)(1).

Nurse Dorga completed two treating source statements on December 13, 2019, and February 24, 2020 (Tr. 449–452, 459–462). Notably, the treating source statements completed by Nurse Dorga were comprised predominantly of "check-the-box" questions (see id.). The plaintiff asserts that the law judge's determination that Nurse Dorga's opinions were unpersuasive was "poorly explained and the result of cherry-picking evidence" (Doc. 28, p. 12). This contention lacks merit.

In the decision, the law judge reiterated the following findings regarding Nurse Dorga's treating source statements on December 13, 2019, and February 24, 2020 (Tr. 22–23):

> Yolene Dorga, APRN at Osceola Community Health Services completed a treating source statement on December 13, 2019. The claimant's diagnoses were asthma; diabetes type II; hypertension; hyperlipidemia; stroke complication from hypertension and legal blindness left eye. Ms. Dorga opined that the claimant would be off task 10% of the time due to symptoms interfering with attention and concentration needed to perform even simple work related tasks. The claimant was able to maintain attention and concentration for greater than two hours. The claimant would likely be absent from work as a result of her impairments or treatment two days per month. Ms. Dorga further opined that the claimant could rarely lift and carry 20 pounds, occasionally lift and carry 10 pounds and

-8-

frequently lift and carry less than 10 pounds. Ms. Dorga indicated the claimant had some left sided upper and lower extremity weakness due to history of CVA in August 2017. The claimant did not require an assistive device or cane to ambulate. The claimant could occasionally climb stairs and ramps and never climb ladders or scaffolds. The claimant could rarely kneel or crouch. She could occasionally stoop or crawl. She could continuously balance and rotate her neck. The claimant could have no exposure to unprotected heights, moving mechanical parts, pulmonary irritants or extreme cold. She could occasionally operate a vehicle (Exhibit 7f).

Ms. Dorga completed a treating source statement on February 24, 2020. The claimant's diagnoses were type II diabetes; hyperlipidemia, mixed; asthma mild intermittent; hypertension; obesity; legal blindness; and arthritis. Ms. Dorga opined that the claimant could maintain attention concentration for less than two hours due to her symptoms such as pain or medication side effects. She would be absent from work two days a month. The claimant could occasionally lift and carry less than 10 pounds. Clinical findings included arthritis pain and neuropathy pain in legs and feet. Ms. Dorga opined that the claimant could sit, stand and walk 4 hours each in an eight-hour workday. She would require an option to sit/stand at will. The claimant needed to elevate her legs when sitting. She needed a cane to ambulate. She could ambulate 20 feet without the cane. The claimant could frequently reach, handle, finger and feel. She could rarely climb, balance, stoop, kneel, crouch or crawl. The claimant limitations were supported by peripheral vision was limited. Ms. Dorga opined that the claimant could never operate a vehicle or be exposure (sic) to pulmonary irritants or extreme cold or heat. She could rarely have exposure to unprotected heights, moving mechanical parts, humidity weakness and vibrations (Exhibit 8F).

However, the law judge ultimately concluded that Nurse Dorga's opinions were not persuasive (Tr. 25). He concluded that Nurse Dorga's findings were not supported by other objective medical evidence in the record. See 20 C.F.R. 404.1529(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of symptoms and the effect those symptoms ... may have on [a plaintiff's] ability to work ...."). In support of this contention, both before and after reiterating the opinions of Nurse Dorga, the law judge identified ample objective medical evidence that did not support Nurse Dorga's findings. Thus, the law judge stated (Tr. 24–25): "(e)xamination findings show no deformations in her spine and extremities with full range of motion 5/5 motor strength, normal sensory findings and a normal gait" (Tr. 25). He also pointed out that "[t]he claimant even reported that for exercise she swam, walked, and did yard work" (id). The law judge reasonably concluded that "[t]hese findings do not support Ms. Dorga's assessments ... that she could not even perform unskilled sedentary exertion and needed a cane to ambulate greater than 20 feet" (id.).

Thus, the law judge specifically considered the persuasiveness of Nurse Dorga's opinions and gave cogent reasons for finding them not persuasive. That conclusion is entitled to deference.

The plaintiff complains that the law judge cherry-picked the evidence supporting his conclusion about Nurse Dorga's opinions. However, it is not cherry-picking for the law judge to specify the evidence that supports his conclusion. Moreover, as the Commissioner points out, the law judge discussed the record evidence in detail. Thus, there was no cherry picking.

B.   The plaintiff's second contention is that the law judge failed to properly evaluate the plaintiff's need for a cane and, thus, the RFC is not supported by substantial evidence (Doc. 28, p. 18). The plaintiff's argument that she requires a cane is based solely on the February 2020 treatment record by Nurse Dorga where she opined that the plaintiff requires a cane (id.). Further, the plaintiff states that the vocational expert "testified that [the plaintiff's] past relevant work could not be performed if she required the use of . . . a single point cane" and, thus, "had the ALJ properly incorporated [the plaintiff's] cane usage into the RFC, he would have found [the plaintiff] unable to perform [her] past relevant work" (id., p. 19). This argument is unavailing.

First, as noted by the Commissioner, the record contains no prescription for a cane. Social Security Ruling 96–9P, 1996 WL 374185 at *7, states that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for hand-held device to aid in walking or standing, and describing the circumstances for which it is needed." However, the

only evidence of a need for a cane is Nurse Dorga's February 2020 opinion. In that document, she merely states that the plaintiff can ambulate without a cane for 20 feet and that the cane is required due to "Stability Gait is unstable at times" (Tr. 461). Thus, the plaintiff has failed to show that the use of a cane is medically required.

Moreover, the plaintiff's second contention essentially depends upon the success of the first. As discussed, the law judge properly found that Nurse Dorga's opinions were not persuasive because they were not supported by other objective medical evidence in the record. See Crow v. Commissioner, Social Security Administration, 571 Fed. Appx. 802, 806–07 (11th Cir. 2014). Thus, the plaintiff's second contention fails since the law judge properly found that Nurse Dorga's opinions were not persuasive.

IV.

For the foregoing reasons, I recommend that the decision of the Commissioner be affirmed, and the case closed.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: August 26, 2022

NOTICE TO PARTIES

-13-

       A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.