# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MARY JO SPENCER,

      Plaintiff,

v.                                 Case No. 8:21-cv-946-WFJ-TGW

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

      Defendant.

_____/

## **ORDER**

Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1). The magistrate judge issued a report recommending that the decision of the Commissioner be affirmed (Dkt. 30). Plaintiff, through counsel, filed timely objections. Dkt. 31.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*,

896 F.2d 507, 512 (11th Cir. 1990).  After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on the ground that the magistrate judge erred in finding that substantial evidence supports the administrative law judge's ("ALJ") evaluation of the opinion evidence of Nurse Dorga.  Plaintiff reiterates her argument made to the magistrate judge that the ALJ failed not only to properly find Nurse Dorga's opinion was persuasive but to properly evaluate the evidence of Plaintiff's need for a hand-held assistive device (a cane), which requirement should have been included in the RFC.  Dkt. 31 at 2; Dkt. 28 at 13–15.  Plaintiff contends the ALJ improperly cherry-picked unremarkable examination findings from other medical evidence.  She points to two findings supporting a conclusion contrary to the one reached by the ALJ.  Dkt. 31 at 2–4 (citing T. 63—vocational expert's testimony—and T. 518–19—Dr. Sugitan's findings).

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ and all the medical records, with regard to the specific objection lodged by Plaintiff, the Court agrees with the well-reasoned report of the magistrate judge.  Resolving conflicts in the evidence, including all

2

reasonable inferences, and determining the credibility of witnesses are left to the Commissioner as factfinder. *Grant v. Richardson*, 445 F.2d 656, 656 (5th Cir. 1971);*Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963).[1]  Under the applicable regulations, medical opinions must be considered for their persuasiveness.  Dkt. 30 at 5–8 (citing new regulations).  The fact that the record may support a contrary conclusion is insufficient to warrant reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005); *Crow v. Comm'r, Soc. Sec. Admin.*, 571 F. App'x 802, 806–07 (11th Cir. 2014) (holding that ALJ may consider inconsistencies between treating physician's opinion and other objective record evidence).  The ALJ applied the correct legal standards in reaching a decision which was supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 31) are overruled.

2) The report and recommendation (Dkt. 30) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4) The Clerk is directed to enter final judgment in favor of the

Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 12, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record

4